UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV  26-318-AS | Date | April 16, 2026 |
|---|---|---|---|
| Title | Refold, et al., v. Allstate Lending Group, Inc., et al. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SERVICE OF PROCESS**

On January 12, 2026, Plaintiffs filed a Complaint against Allstate Lending Group, Inc. ("Allstate"), Kenneth Alan Rubendall, Jennifer A. Rubendall, Michael Gerard Scannell, Cynthia Ann Scannell, and 1210 Solita Road LLC.  (Dkt. No. 1).  On January 16, 2026, the Clerk of the Court issued a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment").[1]  (Dkt. No. 3).  On January 22, 2026, the Clerk issued summonses for the six Defendants.  (Dkt. No. 12).

On February 26, 2026, Plaintiffs filed a proof of service indicating that Defendant Allstate was served on February 4, 2026, with the Summons, Complaint, Civil Cover Sheet, and Certification and Notice of Interested Parties.[2]  (Dkt. No. 13).  On March 29, 2026, Plaintiffs filed waivers of service reflecting that Defendants Kenneth Alan Rubendall and Jennifer A. Rubendall waived service of the summons and "have also received a copy of the complaint in the action [and] two copies of th[e] waiver

---

[1] Among other things, the Notice of Assignment advises that this case has been assigned to U.S. Magistrate Judge Alka Sagar for all purposes and that any party may decline to consent to that assignment according to the schedule set forth for such declination.  Pursuant to Central District of California Local Civil Rule ("Local Rule") 73-2.1, each newly served party or party added to the case must be served the Notice of Assignment at the time of service of the summons and compliant or other case-initiating document.  Local Rule 73-2.1.  The period for a newly served party or party added to decline consent begins to run upon service of the Notice.  Id.

[2] On March 3, 2026, Plaintiffs and Allstate filed notices advising the Court that Allstate filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Case No. 2:26-bk-11879-NB, which operates as an automatic stay of this action as to Allstate pursuant to 11 U.S.C. § 362(a).  (Dkt. Nos. 15-16).  It remains to be determined how that may affect this action with respect to Plaintiffs' claims against the other Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | CV  26-318-AS | | Date | April 16, 2026 |
|---|---|---|---|---|
| Title | Refold, et al., v. Allstate Lending Group, Inc., et al. | | | |

form . . . ."  (Dkt. Nos. 22-23).  The Court ordered Plaintiffs to serve the Notice of Assignment on Defendants Allstate, Kenneth Alan Rubendall, and Jennifer A. Rubendall (Dkt. Nos. 14, 24), and Plaintiffs subsequently filed proofs of service reflecting that the Notice of Assignment was served on these three Defendants on April 10, 2026 (Dkt. Nos. 25-26).

As of this date, it appears that the other three Defendants named in the Complaint – Michael Gerard Scannell, Cynthia Ann Scannell, and 1210 Solita Road LLC – still have not been served in this action, nor have they waived service.  Rule 4(m) of the Federal Rules of Civil Procedure provides that if service of the summons and complaint is not made upon a defendant within ninety days of filing the complaint, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If the plaintiff, however, "shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.

As the Complaint was filed on January 12, 2026, Rule 4(m)'s ninety-day service deadline was April 12, 2026.  Plaintiffs are therefore **ORDERED TO SHOW CAUSE** in writing, within **fourteen days** of the date of this Order, why service was not timely made on Defendants Michael Gerard Scannell, Cynthia Ann Scannell, and 1210 Solita Road LLC, and why this case should not be dismissed against these Defendants without prejudice for failure to effectuate service and for lack of prosecution.  Failure to timely file a written response to this Order may result in dismissal of this action against Defendants Michael Gerard Scannell, Cynthia Ann Scannell, and 1210 Solita Road LLC for failure to effect service of process within the time specified by Rule 4(m) of the Federal Rules of Civil Procedure and for failure to prosecute and obey court orders pursuant to Rule 41(b).

Plaintiffs are reminded that each newly served party or party added to the case must be served with the Notice of Assignment at the time of service of the Summons and Complaint, and Plaintiffs must file a proof of service indicating that each newly served Defendant was served with the Notice of Assignment.

**IT IS SO ORDERED.**